**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4748**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY CAMPBELL HARDING,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-02-381-WDQ)

---

Submitted:  June 18, 2004                Decided:  June 30, 2004

---

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Anthony D. Martin, ANTHONY D. MARTIN, P.C., Greenbelt, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, James G. Warwick, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Billy Campbell Harding appeals his convictions for conspiracy to commit bank robbery, five counts of bank robbery and four counts of using, carrying and brandishing a firearm during a crime of violence. On appeal, Harding claims: (1) the district court erred by failing to sever the counts; (2) testimony from a witness regarding statements made by a co-conspirator violated his right to confront witnesses; and (3) the evidence was insufficient to support the weapons charges. Finding no reversible error, we affirm.

We review the denial of a motion to sever for an abuse of discretion. United States v. Rhodes, 32 F.3d 867, 872 (4th Cir. 1994). To obtain a severance under Fed. R. Crim. P. 14, a defendant must show that the joinder is "'so manifestly prejudicial that it outweighed the dominate concern with judicial economy.'" United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). We find no abuse of discretion.

We further find Harding's right to confront witnesses against him was not violated by testimony regarding statements made by one of Harding's co-conspirators.

A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a

conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We find substantial evidence supports the jury's verdicts.

Accordingly, we affirm the convictions and sentence. We grant the motion to file an enlarged appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED